<hr />

## NORTON v. HAZELTON.

An affidavit, made for the purpose of obtaining a continuance, by a party who elects a trial by jury, in a cause which has been heard before an auditor, is not to be considered as a specification of all the questions, which the party making it, may desire, and has the right, to try by the jury.

In such case, the court will, upon motion, order either or both parties to file a specification of all the items, in relation to which he may expect to change the result arrived at by the auditor, and the party making such specification will not be allowed to go beyond it, on the trial by jury.

ASSUMPSIT for the labor of plaintiff as a joiner.

The defendant filed his set-off, one item of which was for several days work done by one R. Adams, a joiner. The case was referred to an auditor, who found a balance due defendant. Upon the return of the report of the auditor, the plaintiff elected a trial by the jury, and filed his affidavit, stating that he expected to change said report, by showing that he worked more days, and was entitled to more wages, than was allowed by the auditor.

At the trial at this term, the plaintiff offered evidence tending to show the time he had worked, and that he was a master carpenter and entitled to the wages of that class of joiners, and that said R. Adams was a journeyman, and entitled to no more than the wages of that class. The defendant introduced evidence tending to show the wages of ordinary joiners. The plaintiff's counsel argued, that evidence relating to the wages of ordinary joiners could only apply to the wages of Adams, as charged in the set-off, and that the jury should compare the wages allowed to Adams with those allowed to plaintiff, and reduce the former, or raise the latter. Otherwise there was no evidence or argument on the part of plaintiff, bearing upon points other than those stated in plaintiff's affidavit. The auditor's report shows the particular items allowed, prices, time, &c., on both sides.

The defendant requested the court to instruct the jury, that the plaintiff was estopped from contesting any other part of the auditor's report, than the particulars embraced in the plaintiff's said affidavit. The court declined so to instruct the jury, but ruled that the whole of the accounts on both sides were open to new proof and explanation to both parties.

The defendant requested the court to allow the affidavit of the plaintiff filed in the court, in which he had stated the particulars in which he expected to change the result of the auditor's report, to go to the jury with the other evidence. The court declined the request, and the defendant excepted.

The jury having returned a verdict for plaintiff, the defendant moved to set it aside, and the questions of law were reserved.

*H. Webster*, for plaintiff.

*W. H. Y. Hackett*, for defendant.

SARGENT, J. It appears that the defendant introduced the evidence as to the wages of ordinary joiners, and the plaintiff only argued that this evidence was applicable to one item in each account, the charge for Adams in the off-set, or the charge for the plaintiff in the specification, and that, on this evidence, the amount allowed by the auditor to plaintiff should be increased, or the amount allowed for Adams should be diminished. The case does not find whether the jury increased the plaintiff's allowance or diminished that to Adams ; and, by the instructions of the court, the jury might have done either, and so changed the result ; whereas the defendant claims, that, as the plaintiff had stated in his affidavit only that he expected to increase the amount allowed for his own services, he was not at liberty to ask the jury to reduce the amount allowed to the defendant for the work of Adams, even though they were satisfied that the auditor had allowed him too much on that item. We think, however, that the instructions to the jury on that point were correct.

Our statute, providing for the appointment of auditors and prescribing their duties, (Rev. Stats. ch. 189, sec. 5,) provides, that "if either party is dissatisfied with the report the case may be tried by jury and such report shall be given in evidence to the jury, subject to be impeached by evidence offered by either party." Under this provision, there is no restriction. Either side that desires may go to the jury, and has an undoubted right to offer proof upon every item, and to impeach the report on every item, if he can, and to ask the jury to find differently on every item upon both sides, from what the auditor did.

But the court, in order to prevent the cases, which had been sent to auditors and heard by them, from being continued and kept too long on the docket, made a rule by which the cause should not be continued, but must be tried at the first term by the jury, unless the party who elects the trial by jury shall make an affidavit that he expects, in good faith at such trial to be able to change the result, and in what particulars, so that the court may be able to see that the election to try the cause by jury was not for the mere purpose of delay.

The affidavit required by the 57th Rule of court for the purpose of obtaining a continuance, like the 28th Rule for the same purpose, in case of new entries, is for the purpose of satisfying the court that the party asking the continuance, does so in good faith and for a sufficient cause ;

and, although it may have been the practice in some counties, that the party electing a trial by jury and desiring a continuance shall state in his affidavit all the particulars in which he expects to change the report, we cannot see that he is bound to do so, any more than in case of a new entry he is bound to state all the grounds of defence he may have to a suit, in his affidavit for a continuance. In neither case is the affidavit to be considered as a specification of all the claim or grounds of defence which the party making it may have. In the case of a new entry, the defendant must plead within a certain time, unless he relies upon the general issue. So, in case of an auditor's report, the court will order either party or both parties, on motion, to file, in some reasonable time, a specification of all the particulars in which he will try to change the auditor's report; and both parties will be bound by and confined to their respective specifications, in the same way that a plaintiff will be, who files a specification under a common count in his declaration. There is a plain distinction between an affidavit filed for the purpose of obtaining a continuance, and a specification of a party's claim or ground of defence.

There is nothing in the case to show that the request of the plaintiff was not properly rejected in regard to the affidavit's going to the jury with the other evidence. It does not appear that it was read or offered in evidence to the jury. If there was any thing in it which tended to contradict what the plaintiff had testified to upon the stand, then it would have been competent for the defendant to have used it in advance for that purpose. If it contained any admission of the plaintiff against his case, as it appeared on the trial, then it would have been competent to have proved the admission by using the affidavit as evidence. But the court could have seen at a glance, if the paper had been offered in evidence, whether it was admissible on these or any other grounds, and would have admitted it, if competent, had it been offered. There is nothing before us tending to show that the ruling was incorrect. We understand, by the defendant's argument, that he wished to have this affidavit go to the jury, on the ground, that, having stated in it but one particular in which plaintiff expected to change the report, he was to be held to have admitted that the report was correct in all other particulars. But we have already seen that such is not the legal force or effect of such an affidavit, and it was on that ground also properly withheld from the jury.

*Judgment on the verdict.*